## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Michael Wayne Simms

August 26, 1988

Case No. 88-CRC-117

By JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the circuit court has original jurisdiction to try misdemeanors brought by indictments when the original charges were initiated by warrants and subsequently nol prossed in the general district court.

In this case, actually, three cases consolidated as # 88-CRC-117, the defendant is charged with a felony (involuntary manslaughter) and two misdemeanors (DUI and unlawful refusal to take a breath or blood test). Originally, the charges were initiated by arrest warrants. The two misdemeanor warrants were issued and executed on the day of the alleged offense, January 22, 1988, and the felony warrant was issued on February 9, 1988, and executed on February 11, 1988.

On the day of trial in general district court, June 6, 1988, the Commonwealth moved to nol pros the misdemeanors and the motion was granted. That court then heard evidence on the felony accusation and certified that charge to the grand jury.

When the grand jury convened in July, the Commonwealth's Attorney presented the certified felony charge. At the same time, he sought "direct indictments" on the two previously nol-prossed misdemeanor charges. The grand jury returned true bills on all charges.

The defendant was arraigned on August 1, 1988, and entered pleas of not guilty. The felony and DUI charges were set for trial with a jury on October 6, 1988.

Then the defendant filed a motion to quash the misdemeanor charges on the ground that the general district court had exclusive original jurisdiction of those charges under the warrants originally issued, a circumstance which "precludes original jurisdiction being vested in this court by indictment." The motion was argued on August 22, 1988.

The circuit courts are the trial courts of general jurisdiction in the Commonwealth. Virginia Code § 17-123 confers upon circuit courts "original jurisdiction of all indictments for felonies and of presentments, informations, and indictments for misdemeanors." *See also* Constitution of Virginia, Article VI, § 1. Further, § 16.1-126 provides that circuit courts "shall have jurisdiction to try any person for any misdemeanor for which a presentment or indictment is brought in . . . ."

The defendant emphasizes § 16.1-123.1, which provides that the general district court shall have "exclusive original jurisdiction" for the trial of misdemeanors arising in its county or municipality.

Although at first glance these statutory provisions seem to conflict, the introductory phrase of § 16.1-126 is helpfully germane: *"Notwithstanding the provisions of this chapter . . ."* the circuit court has original jurisdiction to try misdemeanors under circumstances therein described.

Construing these statutes together as a logical scheme of criminal jurisdiction, it is clear that the circuit court has potential original jurisdiction in *all* criminal cases, felonies, and misdemeanors, *except* misdemeanors brought in some manner other than by indictment, information, or presentment (i.e., by warrant).

The next step in the defendant's argument is that these misdemeanor charges originally were initiated by warrants and that under these circumstances the circuit court is divested of its original jurisdiction to try the charges now brought by indictments.

(The defendant does not contend that the Commonwealth is barred from reinstituting the charges altogether. Rather, he properly limits his argument to the jurisdictional

appropriateness of the forum in which they are to be reinstituted.)

The short answer is that the original misdemeanor charges, admittedly initiated by warrants, have been nol prossed. However, whether that short answer provides the full answer depends upon the nature and effect of a nol pros.

At common law, the government could at any time before judgment, even without the defendant's consent, voluntarily withdraw a criminal accusation. This was done by a formal entry upon the record known as "nolle prosequi." If the accusation were withdrawn prior to commencement of trial, no jeopardy attached and the government could prosecute the charge anew, provided it did so within any applicable period of limitations. If the accusation were withdrawn after the trial began, without the defendant's consent, the nolle prosequi amounted to an acquittal. In either event, upon entry of the nolle prosequi, the prosecution ended, the proceeding ceased, and the defendant was discharged. If, after a pretrial nol pros, the government elected to pursue the accusation, there was no automatic renewal of the original charge; there was no pending charge to resurrect. Instead, the government had to institute a new proceeding, based upon a new "charging paper."

The common law definition of nolle prosequi survives in Virginia, and the foregoing description of the process is still applicable to Virginia criminal procedure, except that under § 19.2-265.3 the trial court (on motion), not the Commonwealth, has the discretion to nol pros an accusation.

Applying these principles here, the court is of the opinion that the original accusations, initiated by warrants, were terminated by the nolle prosequis; that there is no charge or proceeding now pending in the general district court; that the Commonwealth has chosen indictments rather than warrants as the "charging papers" by which to renew the accusations; and that, accordingly, this court has original jurisdiction under § 17-123 and Section 16.1-126 to try these misdemeanors brought in by indictment. Therefore, the motion to quash will be denied.

(The defendant points out that this result deprives him of his right to a de novo appeal of any conviction of the misdemeanor charges. Of course, the same result

obtains in any case where the Commonwealth brings on a misdemeanor charge by indictment, information, or presentment. In any event, the General Assembly anticipated the argument and, in § 16.1-126, vested the circuit court with the authority in such cases to certify the misdemeanor charge for trial to the appropriate lower court, in which event the defendant would be tried there on the indictment in lieu of a warrant.)